IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LIVE FACE ON WEB, LLC,** | : |
| | : Case No. 2:19-cv-00528-JDW |
| *Plaintiff*, | : |
| | : |
| v. | : |
| | : |
| **MERCHANTS INSURANCE GROUP,** *et al.*, | : |
| | : |
| *Defendants.* | : |

## MEMORANDUM

Live Face on Web LLC asks this Court to clarify or reconsider its Order on the various summary judgment motions that the parties filed in this case. The Court's Order does not require reconsideration or clarification, so the Court will deny the Motion. The Court will, briefly, further explain its reasoning so that Live Face has no further confusion.

### A. Vicarious Liability

Live Face first asks the Court to revisit the ruling on vicarious liability. In its initial ruling, the Court concluded that Live Face could not hold Merchants Insurance Group vicariously liable for the acts of Martin Insurance Group, which is an insurance broker. Live Face interprets the Court's Order as addressing only Martin's apparent authority but not its actual authority to bind Merchants. But Live Face describes "actual authority" as "whether Martin reasonably believed, in accordance with the Merchants' manifestations to Martin, that Merchants has authorized Martin to act on behalf of Merchants in binding coverage." (ECF No. 66 at 2.) The argument is puzzling because Martin's belief, whether objectively reasonable or not, has nothing to do with an inquiry as to actual authority. Live Face also argues, as it did before, that Merchants' agreement with Martin empowered Martin to "bind policies on behalf of Merchants, and Merchants can therefore be held liable for Martin's failure to properly exercise this authority." *Id.* This is not a case about

a policy binder. In any event, the Court's prior ruling was clear: Live Face's agreement with Merchants sets forth how to make policy changes. That policy language forecloses any argument that Martin could act as Merchants' agent in making a policy change.

### B. The Missing Email

Live Face also claims to need clarification about whether the Court has resolved either that the Policy of the parties' course of conduct deemed effective Live Face's transmission of a request to change the cars listed on the policy. However, as the Court laid out in its prior ruling, there is a factual dispute about whether Live Face actually transmitted anything. That factual dispute renders questions about whether Live Face made requests to change the policy coverage and whether Martin had a duty to relay those requests to Merchants questions of fact for the jury.

It is Motion, Live Face suggests that there is an outstanding question of contractual interpretation. But Live Face does not have a breach of contract claim against Martin. It has a negligence claim. The question, therefore, is whether Martin had an obligation to transmit a request to Merchants, and whether it failed in that obligation. While the terms of the Policy might bear on the reasonableness of Martin's conduct, they do not define it because Martin was not a party to the Policy. The parties can address any further questions about the Policy and the role that it plays in the negligence analysis through motions *in limine*.

\*   \*   \*

Live Face has not shown that the Court's prior ruling was unclear, let alone that it requires reconsideration. The Court will therefore deny the Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J**.

April 20, 2020